RECEIVED
DEC 1 5 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GLORIA BLAND, ET AL. | CIVIL ACTION NO. 14-0127 |
| VERSUS | JUDGE DOHERTY |
| OMEGA PROTEIN INC, ET AL. | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

Pending before the Court is the "Motion for Judgment on the Pleadings to Dismiss Claims for Punitive Damages and Claims for Loss of Society (Consortium)" filed by Omega Protein, Inc. [Doc. 23]. Omega Protein argues Author Bland's claim for punitive damages is not recoverable in an unseaworthiness action under the general maritime law, nor are the spouse and children of Author Bland, and injured seaman, entitled to damages for loss of society under the general maritime law as a matter of law. The motion is opposed by the plaintiffs [Doc. 25]. For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

I. **Factual and Procedural Background**

The facts of the case do not appear to be disputed by the parties. According to the defendant, the litigation arises from an incident which occurred on or about May 3, 2013 aboard the F/V RACOON POINT, a fishing vessel owned and operated by Omega. Plaintiff Author Bland was employed by Omega Protein as a member of the crew of the F/V RACOON POINT. Mr. Bland alleges that while engaged in fishing operations on the vessel, he was struck in the face with a metal ring and injured. Mr. Bland alleges (and Omega does not dispute) he was a Jones Act seaman at the time of the incident. Mr. Bland and his wife, Gloria Bland, individually, and on behalf of their minor

child, Y.B., filed the present lawsuit against Omega. In addition to the usual elements of damages under the Jones Act and for unseaworthiness, Mr. Bland seeks punitive damages in the following paragraph of his Complaint (Doc. 1):

VIII.

Defendants have unreasonably, arbitrarily, willfully, and wantonly breached their duty under the general maritime law to provide a seaworthy vessel. As a result of Defendants' unreasonably, arbitrary, willful, and wanton breach of that duty, Author Bland is entitled to punitive damages and attorney fees.

In the Complaint, Gloria Bland and the minor child, Y.B., asserted independent claims for damages for loss of society, consortium, services, and support in the following paragraph of the Complaint (Doc. 1):

IX.

At all relevant times herein, Author Bland was married to petitioner, Gloria Bland and living with and supporting Gloria Bland and their minor child/petitioner herein, Y.B., thereby entitling Gloria Bland and Y.B. to all available damages, including past, present, and future, sustained as a result of Author Bland's injuries, including, but not limited to:

A. Loss of support, both financial and emotional;
B. Loss of consortium, love, affection and all other related damages permitted by any and all applicable laws;
C. Loss of nurture, care, guidance, training, and protection;
D. Loss of services; and
E. Any other general and/or special damages recoverable under the applicable laws.

In the pending motion for judgment on the pleadings, Omega Protein seeks dismissal of the claims for punitive damages and for "loss of society, consortium, services, and support" on grounds such claims are defective as a matter of law.

## II. Legal Standard

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to

dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5ᵗʰ Cir. 2007), *cert. denied*, 552 U.S. 1182, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008). The court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (internal quotations omitted). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citation and footnote omitted).

### III. Legal Analysis

#### 1. Punitive Damages

The recent Fifth Circuit case of *McBride v. Estis Well Service, Inc.*, 768 F.3d 382, 384 (5ᵗʰ Cir. 2014) (*en banc*) is dispositive of the issue, as Omega Protein argues. In *McBride*, the Fifth Circuit, in an *en banc* decision, held neither an injured seaman nor the personal representative of a deceased seaman can recover punitive damages under either the Jones Act or the general maritime law, which limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness. The plaintiffs' argument that this Court should distinguish the instant case from the *McBride* case because the pending case involves an injured seaman only -- while *McBride* involved a mix of injured seaman as well as a deceased seaman – is unpersuasive, as even plaintiff's counsel acknowledges the *McBride* court did not differentiate between the two types of claimants (*i.e.*, deceased versus injured), holding neither class of claimant is entitled to punitive damages as a remedy.

Nevertheless, to the extent plaintiffs seek punitive damages for wanton failure of Omega

Protein to pay maintenance and cure – and review of the complaint shows plaintiffs are, indeed, alleging entitlement to such damages – the jurisprudence shows plaintiffs may be entitled to such damages. In *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561 (2009), the United States Supreme Court held a seaman is entitled, as a matter of general maritime law, to seek punitive damages for his employer's alleged wilful and wanton disregard of the employer's maintenance and cure obligation. Thus, to the extent the plaintiffs are seeking punitive damages for Omega Protein's wanton and reckless failure to pay maintenance and cure, and to the extent the instant motion seeks a dismissal of *all* of plaintiffs' claims for punitive damages, the motion is overbroad. Plaintiffs' claim for punitive damages for failure to pay maintenance and cure is not defective as a matter of law, and, therefore, should not be dismissed.

Considering the foregoing, Omega Protein's motion for judgment on the pleadings with respect to punitive damages is GRANTED IN PART AND DENIED IN PART. To the extent the plaintiffs seek punitive damages under either the Jones Act or the general maritime law, which limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness, such claims are barred and DISMISSED WITH PREJUDICE as a matter of law. However, to the extent plaintiffs seek punitive damages for Omega Protein's wanton and reckless failure to pay maintenance and cure, such claims are permissible and are not dismissed.

2. **Loss of Society**

In their complaint, the plaintiffs seek damages for the following categories of damages on behalf of Gloria Bland, individually and on behalf of her minor child: (1) **loss of support**, both financial and emotional; (2) **loss of consortium, love, affection** and all other related damages permitted by any and all applicable laws; (3) **loss of nurture, care, guidance, training, and**


**protection**; (4) **loss of services**; and (5) any other general and/or special damages recoverable under the applicable laws. In the instant motion, Omega Protein refers to the foregoing prayers as claims for damages for "loss of society, consortium, services and support."

Omega Protein argues all of the foregoing damages are unrecoverable as a matter of law under *Murray v. Anthony J. Bertucci Construction Co.*, 958 F.2d 127 (5th Cir. 1992), which held only that damages for *loss of society* are unavailable to the wife and child of an injured Jones Act seaman under the general maritime law.

It is unclear to this Court what categories of damages plaintiffs and defendants are alleging are included within the category of "loss of society" and the parties have not briefed this issue under any legal framework. The plaintiffs argue that *under Louisiana state jurisprudence*, the spouse of a Jones Act seaman has been held to recover for the loss of household services and loss of guidance and support, *see Labat v. Mallard Bay Drilling Co., Inc.*, 806 So.2d 917, 923 (La. App. 4th Cir.), *writ denied*, 817 So.2d 803 (La. 2002), and argue that under "federal law," is entitled to recover what plaintiffs loosely refer to as "pecuniary damages," citing *Neal v. Barish, Inc.*, 707 F.Supp. 862 (E.D. La. 1989), *aff'd*, 889 F.2d 273 (5th Cir. 1989). However, it, also, appears this matter is couched not under Louisiana law, but under the Jones Act and the general maritime law. Omega Protein appears to acknowledge that Jones Act seamen are limited in their remedies to compensatory, pecuniary damages based upon Jones Act negligence or unseaworthiness. All that is clear from the parties briefs, is that *Murray* barred *nonpecuniary loss of society damages* to the spouse of a Jones Act seaman asserting an unseaworthiness claim coupled with a Jones Act negligence claim.[1] Plaintiffs,

---

[1] As Omega Protein points out in its brief, the holding of *Murray* was bolstered in *McBride*, in which the Fifth Circuit cited *Murray* approvingly and reiterated that the Jones Act applies to both injured seamen and those killed through the negligence of their employer, noting "[e]ven though *Miles* was a wrongful death action, no one has

however, argues caselaw applicable to *longshoreman*, as well as caselaw from *district courts outside the Fifth Circuit* and *Louisiana state caselaw*, purportedly holding that "the type of damages sought by Mrs. Bland and Y.B in this matter are recoverable." Plaintiffs' reliance is misplaced.

Considering the foregoing, this Court concludes that, based upon *Murray*, and reaffirmed in *McBride*, the wife and minor child of Author Bland are not entitled to an independent claim of *loss of society* under the general maritime law or Jones Act. Consequently, the instant motion to dismiss those claims is GRANTED. However, neither party addressed whether any of the damages suggested might or might not fall within the claims Plaintiffs might actually have under the applicable law. Therefore, to the extent that the instant motion might seek to dismiss *damages* that *might or might not* be included as damages in an allowable claim under the general maritime law, such *damages* are not dismissed, Omega Protein having failed to provide this Court with jurisprudence to support its overly broad argument that all *damages* alleged by plaintiffs should be disallowed for all purposes, and the *Murray* case touching in no way upon this possible issue.

## IV.   Conclusion

Therefore, for the foregoing reasons,

IT IS ORDERED that Omega Protein, Inc.'s "Motion for Judgment on the Pleadings to Dismiss Claims for Punitive Damages and Claims for Loss of Society (Consortium)"[Doc. 23] is GRANTED IN PART AND DENIED IN PART. To the extent the plaintiffs seek punitive damages

---

suggested why its holding and reasoning would not apply to an injury case . . ." The Fifth Circuit went on:

> Indeed, we recognized just such a rule in *Murray v. Anthony J. Bertucci Constr. Co., Inc.*, 958 F.2d 127 (5th Cir.1992), in which we applied Miles to an injury case and *barred nonpecuniary loss of society damages to the spouse of the plaintiff seaman asserting an unseaworthiness claim* coupled with a Jones Act negligence claim.

*McBride v. Estis Well Service, LLC*, 768 F.3d 382, 389 n.31 (5th Cir. 2014).

under either the Jones Act or the general maritime law, which limits a seaman's recovery to pecuniary losses where liability is predicated on the Jones Act or unseaworthiness, such claims are barred and DISMISSED WITH PREJUDICE as a matter of law. However, to the extent plaintiffs seek punitive damages for Omega Protein's wanton and reckless failure to pay maintenance and cure, such claims are permissible and are not dismissed. Furthermore, the motion to dismiss plaintiffs' loss of society claims is GRANTED, and those claims are DISMISSED WITH PREJUDICE. However, to the extent the motion seeks to dismiss damages that might or might not be included as damages in an allowable claim under the general maritime law, such damages are not dismissed, Omega Protein having failed to carry its burden to support its overly broad argument that such damages should be disallowed for all purposes.

    THUS DONE AND SIGNED in Lafayette, Louisiana, this ___15___ day of December, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE